NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
MARIA A. SKORUPSKI,           :
                              :
          Plaintiff,         :      Civ. No. 07-1406 (AET)
                              :
      v.                      :
                              :      **MEMORANDUM & ORDER**
MICHAEL J. ASTRUE, as     :
COMMISSIONER OF SOCIAL   :
SECURITY,             :
                              :
          Defendant.     :
_____:

THOMPSON, U.S.D.J.

       This matter is before the Court on Plaintiff Maria A. Skorupski's Appeal of a Final Administrative Decision by Defendant Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's claim for Social Security Disability Insurance ("SSDI") benefits. The Court has jurisdiction to decide this matter pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court has decided this appeal on the basis of the record, without oral argument. For the reasons set forth below, the decision of the Commissioner is affirmed.

## BACKGROUND

       Plaintiff Maria A. Skorupski is 53 years old and has a high school education. Her past work experience includes employment as an electronic assembler and a machine operator. (R.

17.)[1]  Plaintiff filed an application for SSDI benefits on April 7, 2004, alleging an inability to work due to pain from neck and back injury stemming from a 1997 workplace incident.  (R. 50-52; 63-64.)  On November 16, 2004, the Commissioner denied Plaintiff's claim.  (R. 24-28.)  On December 13, 2004, Plaintiff filed a Request for Reconsideration with the Social Security Administration.  (R. 31.)  The Commissioner granted reconsideration, but on January 28, 2005, the claim was again denied.  (R. 32-34.)  Plaintiff then filed a timely request for hearing before an Administrative Law Judge ("ALJ").  (R. 35-37.)  This request was granted and the hearing took place on April 12, 2006.  (R. 288-301.)

At the hearing, Plaintiff testified that she worked as a scale calibrator for twelve years until April 15, 2000.  (R. 290-91.)  Plaintiff stated that her job required her to sit all day and frequently lift weights up to ten pounds.  (R. 291-92; 295.)  Plaintiff claimed that she could no longer work due to pain in her right hand, neck, and lower back, and that she could only sit for a half hour.  (R. 296-297.)  She estimated that she can lift two pounds without feeling discomfort.  (R. 298.)

In his decision, the ALJ found that (1) Plaintiff met the nondisability requirements for a period of disability under the Social Security Act and was insured for benefits through December 31, 2005; (2) Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability; (3) Plaintiff's neck and back disorders constituted a severe impairment; (4) Plaintiff's impairment was not equal to one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4 of the Social Security Act; (5) Plaintiff's allegations regarding her claimed disability were not totally credible; (6) Plaintiff retained the residual functional capacity ("RFC") to perform a full

---

[1] Page citations are to the administrative record filed by the Commissioner as part of his answer.

-2-

range of light work; (7) Plaintiff was able to perform her past relevant work ("PRW") as an electronic assembler; and (8) Plaintiff's neck and back disorders did not prevent her from performing her PRW.  Accordingly, the ALJ concluded that Plaintiff was not disabled under the definition of the Social Security Act and denied her SSDI benefits.  (R. 20.)

On May 15, 2006, Plaintiff filed a Request for Review of the ALJ's decision with the Office of Hearings and Appeals ("Appeals Council").  (R. 11.)  On February 13, 2007, the Appeals Council denied Plaintiff's Request for Review, and the ALJ's decision became the final decision of the Commissioner.  (R. 5.)  Plaintiff then filed the instant action.  The issue before the Court is whether there is substantial evidence in the record that supports the Commissioner's decision denying Plaintiff SSDI benefits.

APPLICABLE LAW

A.    Standard of Review

A reviewing court must affirm the ALJ's decision where it is supported by substantial evidence in the record.  42 U.S.C. § 405(g); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 390 (1971).  The Commissioner's decision is afforded a great amount of deference.  A court should not "set the decision aside if it is supported by substantial evidence, even if [it] would have decided the factual inquiry differently." Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

B.    Standard for Disability Benefits Under the Social Security Act

For purposes of the Social Security Act, "disability" is defined as "the inability to engage

-3-

in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(2)(A). An individual is not under a disability unless "his physical or mental impairment or impairments are of such severity that he is . . . unable to do his previous work . . . [and] cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id.

The Social Security Administration has established a five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 404.1520; see generally Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999). The claimant bears the burden of proof at steps one through four. Adorno, 40 F.3d at 46. The Commissioner has the burden of proof in the final step. Plummer, 186 F.3d at 428.

Step one requires a claimant to show that he is not engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). In step two, the ALJ considers the medical severity of the claimant's impairment. If the claimant does not have a severe medical impairment or combination of impairments significantly limiting his physical or mental ability to do basic work activities, the claimant is considered not disabled. 20 C.F.R. § 404.1520. In step three, the ALJ must determine whether or not the claimant's severe medical impairment meets or equals a listed impairment in the appendix of the Social Security regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the ALJ finds that the claimant's impairment meets or equals one of the listed impairments, the claimant is automatically eligible for benefits. 20 C.F.R. § 404.1520(d).

If in step three the claimant's impairment does not meet or equal one of the listed impairments, the ALJ must then assess the claimant's RFC. A claimant's RFC is defined as "work

that an individual is still able to do despite the physical or mental limitations caused by impairment(s)." Hartranft, 181 F.3d at 359 n.1 (citing 20 C.F.R. §404.1545(a)).  In making an RFC assessment, the ALJ considers the claimant's impairments, including any symptoms, such as pain, that may cause physical or mental limitations that affect what the claimant can do in a work setting.  20 C.F.R. § 404.1545(a).

In step four, the ALJ uses the claimant's RFC assessment to determine if the claimant can perform PRW despite the alleged impairments.  PRW is defined as "substantial gainful activity that the claimant has done within the past fifteen years, and that lasted long enough for the claimant to learn to do it."  20 C.F.R. § 404.1560(b)(1).  If a claimant can perform PRW, he is not eligible for disability benefits.  20 C.F.R. § 404.1520(a)(4)(iv).  If the ALJ finds that the claimant cannot perform PRW, the burden of proof shifts to the Commissioner in step five.  Step five requires the ALJ to show that there are jobs in the national economy that the claimant can perform given his medical impairments, age, education, past work experience, and RFC.  Plummer, 186 F.3d at 428.

## DISCUSSION

A.    The ALJ's Disability Analysis

In step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 15, 2000.  (R. 20.)  At step two, the ALJ concluded that Plaintiff's neck and back disorders constituted a severe impairment.  (R. 20.)  At step three, the ALJ did not find Plaintiff's impairments equal to any impairments listed in Appendix 1 of the Regulations.  (R.18.) The ALJ then determined that Plaintiff had the RFC to perform a full range of light work.  (R. 19.)

At step four, the ALJ held that Plaintiff could perform PRW as an electronic assembler.  (R

19.)  The ALJ stated that because Plaintiff had the RFC to perform light-level work, and that work as an electronic assembler requires no greater than light exertion, Plaintiff had the necessary RFC to perform PRW.  (R. 19.)  Since the ALJ found that Plaintiff could perform PRW, the ALJ did not evaluate step five, and held that Plaintiff was not disabled within the meaning of the Social Security Act.  (R. 20).

B.    The Commissioner's Disability Determination

Plaintiff asserts that the Commissioner's disability determination was not based on substantial evidence in the record because (1) the ALJ did not properly evaluate the medical evidence in the record; (2) the ALJ failed to properly evaluate Plaintiff's subjective complaints of pain; (3) the ALJ failed to consider Plaintiff's orthopedic impairments in combination with her mental impairments; (4) the ALJ's determination of Plaintiff's RFC was not based on substantial evidence in the record; and (5) the ALJ improperly concluded that Plaintiff could perform PRW.

1.    The ALJ's Consideration of the Medical Evidence

The ALJ must satisfactorily explain in the record his reasons for rejecting or discrediting competent evidence.  Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986).  The ALJ is not required, however, to explicitly discuss in his decision every piece of relevant evidence.  Fargnoli, 247 F.3d at 42.  Instead, he must "set forth his essential considerations with sufficient specificity to enable the reviewing court to decide whether those conclusions are supported by substantial evidence." Cotter v. Harris, 642 F.2d 700, 705 (3d Cir.  1981).

Plaintiff argues that the ALJ did not properly evaluate the medical evidence in the record. (Pl.'s Br. 12.)  The ALJ stated that while the record indicates that Plaintiff has a history of back problems, spinal x-rays indicate only mild degenerative disease.  (R 18; 153.)  While it is true that

the record is replete with MRI results, they do not support Plaintiff's alleged degree of pain.  An April 2004 MRI showed a small bulge in Plaintiff's back but no clinically significant disc herniation or spinal cord compression.  (R. 18; 271.)  Plaintiff argues that cervical MRI scans, taken in 1997, support her claim of disabling neck pain.  (Pl.'s Br. 15.)  However, in April 2004, Dr. More, an examining neurosurgeon, stated that those MRI scans were clinically irrelevant at the current time due to their age.  (R. 141.)

The ALJ compared Plaintiff's neck and back disorders with listings 1.04 (disorders of the spine) and 1.02 (major dysfunction of a joint) of the Social Security regulations.  The ALJ determined that because Plaintiff's "neck and back disorders do not rise to the level of meeting the spinal stenosis, nerve root, or spinal cord compression requirements of listing l.04," Plaintiff's impairments do not meet the criteria of the listing.  (R. 18.)  Additionally, the ALJ determined that because  "the medical evidence does not demonstrate the requisite degree of gross anatomical deformity, pain or limitations substantiated by diagnostic imaging, and resulting in an inability to ambulate effectively, or an inability to perform fine and gross movements effectively," her impairments do not meet or medically equal the requirements of listing 1.02.  (R. 18.)  Accordingly, the ALJ's conclusions were based on substantial evidence in the record.

2.    Plaintiff's Subjective Complaints of Pain

Plaintiff argues that the ALJ failed to properly evaluate her subjective complaints of pain and weakness, and that the ALJ erred in finding Plaintiff's testimony not credible.  In her testimony, Plaintiff stated that she suffers from pain in her right hand, neck, and lower back.  (R. 291-92.)  A claimant's subjective complaints of pain must be given serious consideration.  Smith v. Califano, 637 F.2d 968, 972 (3d Cir. 1981).  However, when a medically determinable

impairment exists, objective medical evidence, when available, must be considered to determine whether a disability exists.  20 C.F.R. § 404.1529(c)(2).  "Subjective complaints of pain, without more, do not themselves constitute disability."  Green v. Schweiker, 749 F.2d 1066, 1070 (3d Cir. 1984).  Here, the record does not show an underlying medical condition which supports Plaintiff's assertions of disabling pain and weakness.

Moreover, in his decision, the ALJ determined that Plaintiff's allegations regarding her limitations were not totally credible.  (R. 20.)  "It is well within the discretion of the ALJ to evaluate the credibility of Plaintiff's complaints."  LaCorte v. Bowen, 678 F. Supp. 80, 83 (D.N.J. 1988).  Plaintiff argues that the ALJ's determination that Plaintiff was not totally credible was based on mere speculation.  (Pl.'s Br. 16.)  However, the ALJ supported his finding by citing the March, 2005 report of examining physician Gregory Przybylski, M.D., stating that he "could not identify a structural abnormality in the spine responsible for [Plaintiff's] symptoms." (R. 19; 262.) The ALJ also cited Dr. Przybylski's "negative findings for straight leg rasing bilaterally, normal lower extremity strength and muscle tone, normal pain sensation and sensorium findings, and normal upper and lower limb reflexes."  (R. 19; 283.)

Further, although Plaintiff testified that she could at most lift two pounds, the report of the New Jersey medical consultant, Dr. Rustagi, indicated that Plaintiff's grip strength was rated at 60 pounds in each hand.  (R. 298; 183.)  "In assessing statements regarding intensity and persistence of Plaintiff's symptoms, the ALJ is entitled to draw his own conclusions as to the veracity of the complaints."  Hartranft, 181 F.3d at 362.  Accordingly, the ALJ's evaluation of Plaintiff's subjective complaints of pain and weakness was based on substantial evidence in the record.

3.      The ALJ's Consideration of Plaintiff's Mental Impairments

Plaintiff argues that the ALJ erred because he failed to consider Plaintiff's mental impairments in combination with her orthopedic impairments.  (Pl.'s Br. 12.)  However, the record reflects only one mention of Plaintiff's mental impairments, a treatment note to a January 1999 medical report.  (R. 215.)  Plaintiff did not assert any mental impairments in her Disability Report filed on April 19, 2004.  (R. 63-71.)  Since Plaintiff did not raise this issue in her 2004 Disability Report and there is only one mention of a mental impairment in the record, the ALJ's decision not to address Plaintiff's alleged mental impairments in his ruling was supported by substantial evidence in the record.

4.      The ALJ's Determination of Plaintiff's RFC

Plaintiff argues that the ALJ's determination that Plaintiff retained the RFC to perform the exertional demands of light-level work was not supported by the medical evidence.  (Pl.'s Br. 18.)  However, in his decision, the ALJ cites Dr. Przybylski's observation that there are no spinal structural abnormalities responsible for Plaintiff's symptoms.  (R. 19; 262.)  Additionally, Dr. Rustagi stated that Plaintiff had a normal gait, full muscle strength and a full range of movement throughout her upper and lower extremities, except for a limited range of movement in her hips.  (R. 181, 183.)  Consultative neurosurgeon Dr. More also reported full muscle strength throughout Plaintiff's lower and upper extremities.  (R. 141.)  Therefore, the court finds that the ALJ's RFC determination was based on substantial evidence in the record.

5.      The ALJ's Determination of PRW

Plaintiff's final argument is that the ALJ improperly concluded that Plaintiff could perform PRW as an electronic assembler.  (Pl.'s Br. 18-19.)  To determine whether the claimant can

perform PRW, the ALJ compares the claimant's RFC with the physical and mental demands of her

PRW.  In his decision, the ALJ relied on information contained in the United States Department of

Labor Dictionary of Occupational Titles ("DOT").  (R. 19.)  The ALJ concluded that Plaintiff's

PRW consisted of employment as an electronic assembler and a machine operator.  (R. 19.)  The

DOT classifies the occupation of electronic assembler as light-level work.  (R. 18.)  In her

Disability Report, Plaintiff stated that during the course of an eight-hour work day as an electronic

assembler, she sat for six hours, stood for one hour, walked for one hour, and frequently lifted ten

pounds.  (R. 65.)  Accordingly, this job falls within Plaintiff's RFC range of ability to perform the

exertional demands of light-level work.[2]  (R. 19.)  Therefore, the ALJ's determination that Plaintiff

retained the RFC to return to her PRW as an electronic assembler was based on substantial

evidence in the record.

<u>CONCLUSION</u>

The Court finds that the ALJ's decision that Plaintiff is not disabled under the Social

Security Act is supported by substantial evidence in the record.  Therefore, the Court affirms the

Commissioner's decision.

For the foregoing reasons, and for good cause shown,

IT IS on this 15th day of February, 2008,

---

[2]Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. A job falls in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls, even though the weight lifted may be very little.  To be considered capable of performing a full or wide range of light work, an individual must have the ability to do substantially all of these activities.  20 C.F.R. § 404.1567(b).

-10-

ORDERED that the decision of the Commissioner is AFFIRMED; and it is further

ORDERED that this case is DISMISSED.

s/ Anne E. Thompson
_____
ANNE E.  THOMPSON, U.S.D.J.
